UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LILLIAN CEASOR                      *
                                 *   CIVIL ACTION NO:
                                 *
VERSUS                           *   JUDGE:
                                 *
AMERICAN INTER-FIDELITY EXCHANGE,   *   MAGISTRATE JUDGE:
AMEGA HOLDINGS, INC., AND             *
JORDAN D. VERNDELL                 *
                                 *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**TO:**    **The Honorable Judges of the**
          **United States District Court for the**
          **Western District of Louisiana**

NOW INTO COURT, through undersigned counsel, comes defendant, Lee Duncan, who hereby files this Notice of Removal of the above captioned civil action pursuant to 28 U.S.C.A. §1441 and 28 U.S.C.A. §1446, and hereby removes this matter to the United States District Court for the Western District of Louisiana, based on diversity jurisdiction, and asserts as follows:

I.

On January 20, 2017, a civil action entitled *Lillian Ceasor v. American Inter-Fidelity Exchange, Amega Holdings, Inc. and Jordan D. Verndell*, Docket No. 50422, Div. "A," was filed in the 7th Judicial District Court for the Parish of Concordia, State of Louisiana.

II.

This is a civil action brought by the plaintiff, Lillian Ceasor, a person of the full age of majority, who, upon information and belief, is domiciled in the Parish of Concordia, State of Louisiana, and who, according to her Petition, sustained injuries on or about March 4, 2016 as a

result of an automobile accident at the intersection of Highway 425 and Highway 65 in Concordia Parish, Louisiana.  A certified copy of the record in the state court proceeding is attached hereto as Exhibit A.

III.

This action involves a controversy which is between citizens of different states.  Plaintiff is an adult citizen of the State of Louisiana.  Defendant, Lee Duncan, is an adult citizen of the State of Tennessee.  Defendant, American Inter-Fidelity Exchange, is a foreign corporation organized under the laws of the State of Indiana, with its principal place of business located in the State of Indiana.  GKD Management, L.P. d/b/a A&G Commercial Trucking is a privately held limited partnership formed under the laws of the State of Arizona, with its principal place of business in the State of Tennessee.  GKD Management, L.P. d/b/a A&G Commercial Trucking, is made up of one partner, A&G Commercial Trucking, which is an Arizona legal entity. Defendant, Darrell Jordan, is an adult citizen of the State of Tennessee.

IV.

The Petition was filed on January 20, 2017; the First Supplemental and Amended Petition to Substitute Proper Party Defendants was filed on April 7, 2017; and the Second Supplemental and Amended Petition was filed on January 9, 2019.  Defendant, American Inter-Fidelity Exchange, was named as a defendant in the Petition and filed an Answer on March 6, 2017. Defendant, GKD Management, L.P. d/b/a A&G Commercial Trucking, was named as a defendant in the First Supplemental and Amended Petition and filed an Answer on May 22, 2017.  Defendant, Darrell Jordan, was named as a defendant in the Second Supplemental and Amended Petition.  Attempts were made to serve Darrell Jordan, however, to date, he cannot be located and has not entered an appearance.  A curator was appointed for Mr. Jordan.  Lee

2

Duncan was not named as a defendant until the filing of the Second Supplemental and Amended Petition.  Lee Duncan was served with Long-Arm citation by on February 14, 2019.  Based on the "Last Served Defendant" rule, therefore, this removal is timely.  In addition, American Inter-Fidelity Exchange, GKD Management, LP d/b/a A&G Commercial Trucking, and Darrell Jordan have consented to the removal of this action, thereby satisfying the rule of unanimity.

V.

This action is one over which the district courts of the United States are given original jurisdiction under 28 U.S.C.A § 1332.  A party may remove any action from state court to federal court if the action is one over which the district courts of the United State have original jurisdiction.  28 U.S.C.A §1441.  The removing party bears the burden of proving that removal is proper and that federal jurisdiction exists.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  In this case, removal was warranted based upon this Court's original jurisdiction as supplied by 28 U.S.C.A § 1332.  28 U.S.C.A § 1332 supplied federal district courts with original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

Based upon the Petitions, and upon information and belief, the diversity of the parties to this suit do not appear to be contested.  Plaintiff is an adult citizen of the State of Louisiana. Defendant, Lee Duncan, is an adult citizen of the State of Tennessee.  Defendant, American Inter-Fidelity Exchange, is a foreign corporation organized under the laws of the State of Indiana, with its principal place of business located in the State of Indiana.  GKD Management, L.P. d/b/a A&G Commercial Trucking, is a privately held limited partnership formed under the laws of the State of Arizona, with its principal place of business located in the State of Tennessee.  GKD Management, L.P. d/b/a A&G Commercial Trucking, is made up of one

3

partner, A&G Commercial Trucking, which is an Arizona legal entity.   Defendant, Darrell Jordan, is an adult citizen of the State of Tennessee.   Accordingly, this Court needs only to determine whether the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

VI.

In order to determine what amount is "in controversy," courts ordinarily refer to the state court petition. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Louisiana law mandates that plaintiffs may not petition for a specific monetary amount.  La. Code Civ. Proc. Art. 893 (A)(1).  However, Article 893 of the Louisiana Code of Civil Procedure does require "that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required" (emphasis added).  In this matter, plaintiffs allege only that they seek damages "in an amount reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, all costs and/or expenses of these proceedings and for all general and equitable relief as the nature of the cause may require."  Defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Defendant, however, is not required to prove to a legal certainty or conclusively that the plaintiffs will recover more than the jurisdictional amount.  Instead, defendant need only prove that plaintiffs, more likely than not, could recover more than the jurisdictional amount.

Case law has provided guidance as to what types of proof may be offered in order for a removing party to meet the preponderance standard.  For example, a court can determine that

4

removal was proper if it is "facially apparent" that the claims are likely above the required jurisdictional amount.  *DeAguilar v. Boeing Co.,* 11 F.3d 55, 57 (5th Cir. 1993).  This test is performed by referencing the petition and making a determination of whether the claims meet or exceed the jurisdictional amount.  In the alternative, the defendant can set forth the facts in controversy, preferably in the removal petition, but sometimes by affidavit or stipulation, that support a finding of the requisite amount.  *Jeffcoats v. Rite-Aid Pharmacy*, 2001 WL 1561803 (E.D. La. Dec. 6, 2001) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)).

Once the defendant has met its burden of proving that the claim, more likely than not, exceeds $75,000.00, the plaintiff can only defeat removal by proving "to a legal certainty" that the claim will not exceed $75,000.00. *DeAguilar*, 47 F.3d at 1411.  In *DeAguilar,* the Court held that a plaintiff can establish to a "legal certainty" that his claim does not meet or exceed the requisite jurisdictional amount by citing an applicable state law that prohibits recovery over the jurisdictional amount. *Id.*  If the plaintiff cannot cite such a statute, then "[l]itigants who want to prevent removal *must* file a binding stipulation or affidavit with their complaint" that shows their commitment to recovery below the federal threshold. *Id.*  In this case, plaintiff has failed to execute or file any such Stipulation.

VII.

Here, the Petition alleges a motor vehicle accident between plaintiff, who was driving a 2014 Ford Focus, and defendant, Darrell Jordan, who was driving an 18-wheeler.  As a result of the accident, plaintiff claims to have sustained injuries and harm, including: past, present and future: (1) medical expenses; (2) pain and suffering; (3) mental pain and anguish; (4) permanent injuries and disability; (5) loss of wages and economic opportunity; and (6) loss of enjoyment of life.  Plaintiff also alleges damages that "equal or exceed the amount required for trial by jury,"

or damages in excess of $50,000.00.  Based on the foregoing, while defendants have no way of knowing the exact monetary value of these damages that are claimed, it seems, more likely than not, that the amount "in controversy" is greater than $75,000.00.

VIII.

The above-captioned civil action is therefore removable to this United States District Court pursuant to 28 U.S.C.A §1441 (a) and 28 U.S.C.A §1446.

IX.

A copy of the court record is attached hereto as Exhibit A.

X.

This action is removable under and by virtue of the acts of Congress of the United States and defendant, Lee Duncan, desires to remove it to this Court.  Accordingly, defendant, Lee Duncan, asks that the above-captioned action be removed to this Court, the United States District Court for the Western District of Louisiana, in accordance with the provisions of 28 U.S.C.A §1441, *et seq.*

Respectfully Submitted,

**LAW OFFICE OF KIMBERLY G. ANDERSON**

/s/ Sandra L. Sutak
SANDRA SUTAK (La. #32709)
3850 N. Causeway Boulevard, Suite 1230
Metairie, LA 70002
Telephone: (504) 872-3945
Facsimile:  (855) 810-2532
Email: sutaks1@nationwide.com
***Counsel for Defendant, Lee Duncan***

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

s/ Sandra L. Sutak
SANDRA SUTAK (La. #32709)